Ring v Elizabeth Found. for the Arts (2023 NY Slip Op 06209)

Ring v Elizabeth Found. for the Arts

2023 NY Slip Op 06209

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 652825/22 Appeal No. 1135 Case No. 2023-02060 

[*1]Frank Ring, Plaintiff-Appellant,
v
The Elizabeth Foundation for the Arts et al., Defendants-Respondents.

Morrison Cohen LLP, New York (Joaquin Ezcurra of counsel), for appellant.
Epstein Becker & Green, P.C., New York (David J. Clark of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered April 4, 2023, which granted defendants' motion to dismiss the complaint as barred by the doctrine of res judicata, and denied plaintiff's cross-motion for summary judgment on liability, unanimously affirmed, without costs.
We agree with the motion court that plaintiff's claim for attorneys' fees was barred by the doctrine of res judicata because defendants established that a prior 2021 enforcement judgment against them had preclusive effect (see generally Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73, 78 [2018]). Plaintiff was required to assert his claim for attorneys' fees arising under the lease agreement at the time of the 2011 action against defendants for de facto merger, in which plaintiff sought to establish that defendants were successors-in-interest and thus responsible for the judgment debtor's debts arising from the 2002 default (see Helmsley v Anderson Clayton & Co., 60 AD2d 808 [1st Dept 1978], lv denied 44 NY2d 641 [1978]). By attempting to do so in a separate action, plaintiff improperly split his claim, warranting dismissal of the complaint (see 930 Fifth Corp. v King, 54 AD2d 636, 637 [1st Dept 1976], affd 42 NY2d 886 [1977]).
In view of the foregoing, we need not address the remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023